# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Nancy Jean Lovejoy, and the Estate
of Willard E. Lovejoy,
Defendants Below, Petitioners**

**FILED
August 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0290** (Kanawha County 17-C-1482)

**Kristin Holmes and Sydney Graham,
Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Nancy Jean Lovejoy, a self-represented litigant,[1] appeals the February 12, 2019, order of the Circuit Court of Kanawha County entering a consent judgment directing petitioner to pay each respondent $200,000 pursuant to the payment schedule set forth in the parties' December 20, 2018, mediated settlement agreement. Respondents Kristin Holmes and Sydney Graham, by counsel James W. Alderman, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is the widow of Willard E. Lovejoy ("the decedent") and the executrix of his estate. Respondents are the decedent's children and petitioner's stepchildren. On October 30, 2017, respondents filed a civil action in the Circuit Court of Kanawha County contesting the validity of

---

[1]Although petitioner filed this appeal in both her personal capacity and her capacity as the executrix of the Estate of Willard E. Lovejoy, her deceased husband, she may not raise issues on behalf of the estate as a self-represented litigant. *See* Syl. Pt. 7, *Estate of Gomez by and Through Gomez v. Smith*, __ W. Va. __, __ S.E.2d __, 2020 WL 2820371 (W. Va. May 26, 2020) (holding that the unauthorized practice of law includes "[a] non-attorney execut[rix] . . . of an estate who undertakes, with or without compensation and whether or not in connection with another activity, to prepare pleadings or legal instruments of any character on behalf of the estate for submission in judicial proceedings, or represents the interests of the estate before any judicial tribunal or office"). Therefore, we address herein only those issues raised by petitioner in her personal capacity.

1

the decedent's will. On November 27, 2017, petitioner filed an answer and a counterclaim against respondents. Respondents filed an answer to the counterclaim on December 18, 2017.

On January 22, 2018, and February 12, 2018, petitioner's attorney filed motions to withdraw from the case. By order entered on March 19, 2018, the circuit court granted petitioner's attorney's motions to withdraw. On September 6, 2018, petitioner's new attorney, John F. Hussell, IV, filed a notice of appearance on her behalf.

On December 20, 2018, the parties reached a settlement during mediation. In the mediated settlement agreement, petitioner agreed to pay each respondent $200,000 in four equal installments, "without accrual of interest," over one year. The parties further agreed that petitioner's total payment of $400,000 to respondents would "be secured by [d]eeds of [t]rust or through a consent judgment and recorded abstract of judgment." The mediated settlement agreement provided that respondents' civil action would be dismissed with prejudice and that "each party shall release any and all claims that each party may have against the other parties." The mediated settlement agreement was signed by petitioner, respondents, and their respective attorneys.

On February 12, 2019, the circuit court entered a consent judgment prepared by respondents' attorney and "[a]greed to" by Attorney Hussell on petitioner's behalf. In the consent judgment, the circuit court entered judgment in respondents' favor in the amount of $400,000 "until said judgment is paid in full in accordance with the payment schedule set forth in the [December 20, 2018,] [m]ediated [s]ettlement [a]greement[.]" The circuit court further ordered that if petitioner failed to make timely payments, "judicial interest shall run on any delinquent payment until . . . such payment is paid in full." Finally, the circuit court dismissed respondents' action against petitioner and ordered the case removed from its docket.

On February 14, 2019, respondents recorded an abstract of judgment reflecting that they had a judgment against petitioner in the amount of $400,000. Consistent with the mediated settlement agreement, the abstract further reflects there is no interest on the judgment, but only on any "delinquent payments" at the rate of 5.5% per year.

On March 12, 2019, petitioner, without the assistance of counsel, filed a number of motions, arguing that the implementation of the mediated settlement agreement should be stayed. On March 26, 2019, petitioner filed a motion to file a notice of appeal out-of-time, together with the notice of appeal, in this Court. By scheduling order entered March 26, 2019, this Court granted petitioner's motion and deemed the notice of appeal filed. By electronic correspondence dated April 1, 2019, the circuit court informed the parties that it would not act further in the case until the resolution of petitioner's appeal. The circuit court noted that Attorney Hussell "remain[ed] counsel of record for [petitioner]" and that any motion for Attorney Hussell to withdraw from the case would need to be filed in accordance with court rules.

Petitioner now appeals the circuit court's February 12, 2019, consent judgment. We have held that,

2

"[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *Messer v. Huntington Anesthesia Grp., Inc.*, 222 W. Va. 410, 664 S.E.2d 751 (2008). "The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 5, *Riner v. Newbaugh*, 211 W. Va. 137, 563 S.E.2d 802 (2002) (quoting Syl. Pt. 1, *Sanders v. Roselawn Memorial Gardens*, 152 W. Va. 91, 159 S.E.2d 784 (1968)).

Petitioner's argument on appeal is confusing; however she appears to argue that Attorney Hussell failed to timely notify her of the entry of the February 12, 2019, consent judgment. We find that if petitioner believes that her attorney failed to adequately inform her of the implementation of the mediated settlement agreement, she should address that issue with Attorney Hussell. The mediated settlement agreement contemplated that petitioner's payment of $400,000 to respondents over one year would "be secured . . . a consent judgment and recorded abstract of judgment." Petitioner should have not been surprised that a consent judgment was entered and that an abstract of judgment was recorded pursuant to the mediated settlement agreement that she and respondents signed, together with their respective attorneys.[2]

Given petitioner's signature on the mediated settlement agreement, we further find that Attorney Hussell acted with authority when he effectuated the entry of the consent judgment. In *Messer*, in finding that an attorney had apparent authority to settle his clients' case, we stated that "[w]hen an attorney-client relationship exists, apparent authority of the attorney to represent his client is presumed" and "[w]hen an attorney appears in court representing clients there is a strong presumption of his authority to represent such clients, and the burden is upon the party denying the authority to clearly show the want of authority." *Id.* at 418-19, 664 S.E.2d at 759-60 (Internal quotations and citations omitted).

---

[2]We agree with respondents that there is no evidence in the appendix record to support petitioner's argument that she signed the mediated settlement agreement under duress, and, therefore, we do not address that issue. *See* W. Va. Rul. App. Proc. 10(c)(7) (providing that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal"); *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim").

Here, by effectuating the entry of the consent judgment, Attorney Hussell obtained petitioner's benefit as set forth in the mediated settlement agreement because the circuit court dismissed respondents' civil action against petitioner. Additionally, Attorney Hussell was counsel of record for petitioner before, during, and after the consent judgment's entry. Accordingly, while petitioner argues that Attorney Hussell did not have actual authority from her to effectuate the entry of the consent judgment, we find that petitioner fails to make any showing that Attorney Hussell did not have the apparent authority to do so, which flowed out of his legal representation of petitioner. Therefore, we conclude that the circuit court's entry of the consent judgment pursuant to the mediated settlement agreement was not erroneous.

For the foregoing reasons, we affirm the circuit court's February 12, 2019, consent judgment directing petitioner to pay each respondent $200,000 pursuant to the payment schedule set forth in the parties' December 20, 2018, mediated settlement agreement.

Affirmed.

**ISSUED:** August 28, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison